UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BOAT OWNERS ASSOCIATION OF
THE UNITED STATES,

      Plaintiff,

v.                    Case No: 2:15-cv-197-FtM-29DNF

FLAGSHIP TOWING LLC and
CHRISTOPHER B. RILEY,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss and Memorandum in Support (Docs. ##24-25) filed on June 1, 2015. Plaintiff filed a Response (Doc. #33) on June 16, 2015. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Boat Owners Association of the United States (BoatUS) has filed a five-count Complaint (Doc. #1) against Defendants Flagship Towing LLC (Flagship) and Christopher B. Riley (Riley) alleging trademark infringement and deceptive and unfair trade practices. The underlying facts, as set forth in the Complaint, are as follows:

BoatUS is a corporation organized under the laws of the District of Columbia with its principle place of business in Alexandria, Virginia. (Id. at ¶ 3.) BoatUS provides fuel,

maintenance, on-water towing, and other boating products and services. (Id. at ¶ 11.) BoatUS paints its fleet of towing and service boats in a color scheme consisting of a red background with white diagonal stripes near the bow and white lettering aft of the stripes (the BoatUS Mark). (Id. at ¶ 13.) In 2000, the U.S. Patent & Trademark Office issued to BoatUS the federal trademark registration number 2,356,475 for use of the BoatUS Mark in connection with "boat towing services; providing on the water assistance to boaters by the delivering of gasoline and other supplies by boat; [and] salvaging and towing disabled vehicles." (Id. at ¶ 14.)

Flagship is a corporation organized under the laws of the State of Texas with its principal place of business in Leander, Texas. (Id. at ¶ 4.) In 2012, BoatUS became aware that Flagship was offering boat towing services using boats painted in a manner confusingly similar to the BoatUS Mark. (Id. at ¶ 17.) BoatUS demanded that Flagship change its paint scheme, but Flagship refused. (Id. at ¶ 18.) Riley is the sole director and member of Flagship, and directed and controlled Flagship's allegedly-infringing conduct. (Id. at ¶¶ 5, 9.)

Based on these allegations, BoatUS brings causes of action against Flagship and Riley for trademark infringement in violation of the Lanham Act (Count One), false designation of origin in violation of the Lanham Act (Count Two), common law trademark

infringement (Count Three), violations of the Florida Deceptive and Unfair Trade Practices Act (Count Four), and unfair competition (Count Five).  Riley now moves to dismiss all causes of action brought against him individually, arguing (1) that the Court lacks personal jurisdiction, and (2) that BoatUS has failed to state a claim against him.

## II.

A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction.  Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).  "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction." Sculptchair, Inc. v. Century Arts, 94 F.3d 623, 626–27 (11th Cir. 1996). Here, the Lanham Act contains no such service of process provision, so the Court must look to the Florida long-arm statute.  Id. at 627.  If the Court determines that the long-arm statute is satisfied, it must then determine "whether the extension [of] jurisdiction comports with the due process requirements of the Fourteenth Amendment." Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

A.   **Florida's Long-Arm Statute**

The reach of Florida's long-arm statute is a question of Florida law and federal courts must construe it as would the Florida Supreme Court.  United Techs. Corp. v. Mazer, 556. F.3d 1260, 1274 (11th Cir. 2009) (citations omitted).  Under Florida law, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  Mazer, 556 F.3d at 1274 (citing Posner, 178 F.3d at 1214).  In assessing the sufficiency of the jurisdictional allegations, the Court must accept the factual allegations in the complaint as true.  Licciardello v. Lovelady, 544 F.3d 1280, 1284 n.3 (11th Cir. 2008).  If the plaintiff's factual allegations are sufficient to support the exercise of personal jurisdiction, the burden shifts to the defendant to challenge the allegations with affidavits or other evidence to the contrary.  Meier, 288 F.3d at 1269.  The burden then shifts back to the plaintiff to produce evidence supporting jurisdiction.  Id.

Florida's long-arm statute provides that a person "[c]omitting a tortious act within this state" is subject to personal jurisdiction.  Fla. Stat. § 48.193(1)(a)(2).  Here, BoatUS alleges that the Court has personal jurisdiction over Riley because he "directs and controls the infringing conduct of Flagship" occurring within Florida.  Taken as true, these allegations are

sufficient to allege personal jurisdiction.  See, e.g., Kitroser v. Hurt, 85 So. 3d 1084, 1090 n.3 (Fla. 2012) (individual who commits intentional misconduct in Florida while acting on behalf of corporation is subject to personal jurisdiction in Florida). The burden now shifts to Riley, who must challenge BoatUS's jurisdictional allegations with affidavits or other admissible evidence.

In response, Riley asserts that he "is not a resident of the State of Florida, he is not the registered agent of Flagship [] in Florida, nor does he act on behalf of Flagship [] physically in the State of Florida on any regular basis." (Doc. #25, pp. 2-3.) However, these assertions are not supported by an affidavit or documentary evidence and therefore must be disregarded.  See Posner, 178 F.3d at 1214; Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989) ("A defendant wishing to contest the allegations of the complaint concerning jurisdiction . . . must file affidavits in support of his position.").  Moreover, even if Riley's allegations were supported by admissible evidence, they would be insufficient to avoid personal jurisdiction here.  Florida courts have interpreted the long-arm statute expansively, concluding that an out-of-state defendant's physical presence in Florida is not required to commit a tortious act in Florida.  See Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1333-55 (11th Cir. 2013) (where infringing product was sold in Florida,

defendant was subject to personal jurisdiction in Florida even though defendant acted on behalf of corporation and was not physically in Florida when he participated in the infringement). Here, Riley concedes that Flagship operates in Florida, and BoatUS has alleged that Riley directed Flagship to infringe upon BoatUS's trademark.  Thus, the fact that Riley is not a Florida resident, or the fact that he does not act on behalf of Flagship "*physically*" in Florida on a "regular basis" would not prevent the exercise of long-arm jurisdiction over Riley.  Id.

Accordingly, the Court concludes that the exercise of jurisdiction is appropriate under Florida's long-arm statute. Riley does not argue that exercising jurisdiction over him violates due process and the Court sees no such impediments.  See, e.g., Licciardello, 544 F.3d at 1288 ("The Constitution is not offended by Florida's assertion of its jurisdiction over . . . nonresident tortfeasors" whose intentional misconduct caused injury in Florida).  Accordingly, Riley's motion to dismiss for lack of personal jurisdiction is denied.

**III.**

Riley also argues that the causes of action against him must be dismissed for failure to state a claim upon which relief can be granted.  Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2).    This  obligation  "requires  more  than  labels  and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations  omitted).    Thus,  the  Court  engages  in  a  two-step approach:  "When  there  are  well-pleaded  factual  allegations,  a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

Riley  argues  that  BoatUS  has  failed  to  adequately  allege causes  of  action  against  _him_  (as  opposed  to  Flagship)  because BoatUS  "has  made  no  allegations  in  its  Complaint  concerning specific, individual conduct" on his behalf.  (Doc. #25, p. 2.) This is incorrect.  BoatUS has alleged that Riley is Flagship's sole  director  and  that  he  directed  and  controlled  Flagship's trademark infringement.  (Doc. #1, ¶¶ 5, 9.)  It is "well settled that personal participation by a corporate employee, officer, or director in the wrongful activities of a corporation is sufficient to make the individual, as well as the corporation, substantively

liable for a tort." <u>Delong Equip. Co. v. Washington Mills Abrasive Co.</u>, 840 F.2d 843, 851 (11th Cir. 1988).  Here, BoatUS has alleged that Riley personally participated in Flagship's infringement. Taking those allegations as true, Riley can be held substantively liable for that conduct.  Therefore, Riley's motion to dismiss for failure to state a claim is denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #24) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___23rd___ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record